## MYERS v. BERNSTEIN.

### (Supreme Court, Appellate Term. May 16, 1907.)

LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—ACTS OF LANDLORD.

Defendant, a manufacturer, rented premises of plaintiff under a lease providing that plaintiff furnish a 10-horse steam power during the usual working hours and days; 10 days' stoppage to be allowed to plaintiff, if needed. Defendant showed that the power was not furnished on many working days besides the days allowed for repairs, and on other days less than 10-horse power was furnished, so that his men were idle and he suffered great loss, and was finally compelled to leave the premises. *Held*, that defendant made out a good defense of constructive eviction to plaintiff's claim for rent due.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Frederick S. Myers against Louis Bernstein. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Johnston & Johnston (Thomas F. Keogh, of counsel), for appellant.
Hamilton R. Squier, for respondent.

PER CURIAM. The action is for $400 rent. The defense is a constructive eviction. The defendant is a fireproof door manufacturer. The lease provided that:

"Said premises are rented, together with 10-horse steam power to be supplied in the usual working hours and days, accidents excepted; 10 days' stoppage to be allowed to party of the first part for repairs, if needed."

Before any part of the rent here sued for became due, the defendant had left the premises. Defendant maintains that plaintiff failed to supply the horse power pursuant to contract, and not only claims a breach of the contract and a constructive eviction by reason thereof, but also counterclaims for damages caused by the failure to supply the 10-horse steam power. The justice dismissed the counterclaim and gave judgment for plaintiff for $300, having deducted $100 from the plaintiff's claim on the ground thus stated, namely:

"I make the deduction of $100, as it seems to me that, in view of the fact that the premises were vacated by defendant, plaintiff was not obliged to furnish the power contracted for in the lease."

As plaintiff raises no objection to this reduction, there is no occasion to consider the same. Defendant appeals from the judgment.

We think the defendant made out a good defense to plaintiff's claim. He showed by a fair preponderance of proof that for many working days besides the days allowed for repairs no steam power at all was given, and at other times much less than the 10-horse power was furnished. Plaintiff's denials or explanations of such failure to comply with the requirements of the lease are not satisfactory. Defendant shows that much inconvenience and loss were occasioned by plaintiff's neglect to furnish the 10-horse power as required by the lease. His men were idle, and he was finally obliged to put in an electric dynamo and pay the Edison Company for electricity. His complaints to plaintiff appear to have resulted in no improvement, and he says plaintiff merely told him to get out, if not satisfied. We consider that the ends of justice would best be served by allowing a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.